```
              IN THE UNITED STATES DISTRICT COURT
                          FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA
```

NATHANIEL SMITH,                :
                                :
         Petitioner             :
                                :
     v.                         :   CIVIL NO. 3:CV-16-1501
                                :
WARDEN, USP-ALLENWOOD           :   (Judge Conaboy)
                                :
         Respondent             :
_____

## MEMORANDUM
### Background

Nathaniel Smith, an inmate confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is the USP-Allenwood Warden. Service of the petition was previously ordered.

Petitioner states that he was arrested in the State of Maryland on February 17, 2010. On February 26, 2010, Smith was sentenced to a five (5) year term of incarceration by a Maryland state court for possession of marijuana. The pending petition indicates that additional state charges against were nolle prossed in favor of federal prosecution.

Petitioner asserts that after he began serving his state sentence on April 30, 2010, he was transferred to federal custody for brief periods of time during the subsequent months.

1

On November 17, 2010, Petitioner entered a guilty plea to a charge of possession of a firearm by a convicted felon in the United States District Court for the District of Maryland. On March 21, 2011, Smith was sentenced in federal court to an aggregate 89 month term of imprisonment with credit for time served commencing February 17, 2010.

Smith's present action does not challenge the legality of either his state or federal convictions. Rather, Petitioner contends that the Bureau of Prisons (BOP) acted improperly by seeking the issuance of an amended federal sentence because it concluded that Petitioner was afforded an excessive amount of pretrial sentence credit. See Doc. 1-1, p. 1. Pursuant to that request, the District of Maryland issued an amended sentencing judgment which reduced the pretrial sentence credit Smith was originally awarded. As a result, Petitioner maintains that he is improperly being required to spend an additional 464 days in prison.

Respondent counters that since the time spent by Petitioner in state custody was credited towards service of his state sentence, Smith is not entitled to double credit for that period of time.

## **Discussion**

Title 28, United States Code § 2241, vests the federal

2

district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Since Petitioner is alleging that the BOP failed to properly calculate his federal sentence, this matter is properly asserted under § 2241. It is also noted that there is no contention by Respondent that Petitioner has not exhausted his administrative remedies or that his action was untimely filed.

According to undisputed exhibits provided by both Petitioner (Doc. 1-1) and the Respondent, on March 2, 2007, Petitioner was granted supervised release from service of a 36 month term imposed by the District of Maryland following his conviction for being a felon in possession of a firearm.

Smith's supervised release was revoked three separate times over the next few years. On August 3, 2009, Smith was released from federal custody and placed on supervised release for a two year period.

On February 17, 2010, Petitioner was arrested by state authorities in Montgomery County, Maryland on multiple charges including armed robbery, kidnaping, and assault. The charges were eventually nolle prossed in favor of federal prosecution.

In an unrelated case, Petitioner was sentenced On February 26, 2010 by a Prince George's County, Maryland state court to a five (5) year term of imprisonment (all but three years suspended and with credit for 123 days) on a charge of possession with intent to deliver a controlled substance.

On March 24, 2010, Petitioner was sentenced in Hartford County, Maryland state court to a concurrent (to the Prince George's sentence) one year and a day sentence for possession of a controlled substance not marijuana.

On May 18, 2010 Smith was transferred from state custody to federal custody pursuant to a writ of habeas corpus <u>ad prosequendum</u> to face a new federal charges of being a felon in possession of a firearm and violating the conditions of his supervised release (from his original federal sentence). Smith entered a guilty plea to those federal charges on November 17,

4

2010. He was sentenced on March 21, 2011 to a seventy-eight (78) month term on the firearms offense and a consecutive eleven (11) month term of the supervised release violation offense. The sentence also directed that Petitioner be afforded federal sentence credit for time served from February 17, 2010, the date of his arrest on state charges.

Smith was returned to state custody on September 16, 2011 to continue serving his state sentences. A detainer was lodged against the Petitioner by federal authorities. Petitioner completed service of his state sentences on February 9, 2012 and was transferred into federal custody.

Following his placement in federal custody the BOP sent a letter to the District of Maryland advising that the original federal sentence which awarded credit for time spent by Smith in state custody from February 17, 2010 (arrest date to March 20, 2011 (federal sentencing) was prohibited under 18 U.S.C. § 3585(b) because Petitioner had received credit against his state sentence for that same period. The letter further advised the District of Maryland that Petitioner could be afforded a downward adjustment for the period of time spent in state custody if the district court determined that such a downward adjustment was appropriate under the federal sentencing guidelines.

5

An amended sentence imposed by the District of Maryland on April 2, 2013 did not grant Smith a downward adjustment but did grant Petitioner credit against his federal sentence for the following limited time periods: February 17, 2010 to April 29, 2010; May 18, 2010 to May 19, 2010; June 23, 2010 to June 24, 2010; and September 20, 2010 to March 20, 2011, a total of 258 days.

Ad prosequendum writs do not constitute a transfer to federal custody. United States v. Vega, 493 F.3d 310, 314 (3d Cir. 2007). A prisoner is only entitled to credit against his federal sentence for a period of time spent in federal detention pursuant to a writ of habeas corpus ad prosequendum "unless and until the first sovereign relinquishes jurisdiction over the prisoner." Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000).

18 U.S.C. § 3585(b) further provides that a federal prisoner shall be given credit towards service of a term of imprisonment for any time spent in official detention, prior to the date his/her sentence commences, which has not been credited towards service of another sentence. § 3585(b) generally prohibits an award of double credit, in other words, a habeas petitioner may not receive credit on a federal sentence for time

that has already been credited against a state sentence.[1] See Chambers v. Holland, 920 F. Supp. 618, 623 (M.D. Pa. 1996).

In the present case, Petitioner has not demonstrated any evidence showing that any time he spent in official detention, prior to the date his latest federal sentence commenced, which was not credited towards service of his state sentences was not applied against his federal sentence. This is simply not a case where time spent incarcerated by Smith was not credited towards service of either his state or federal sentences. See Graham v. Zickefoose, 2013 WL 1786332 *5(D.N.J. April 25, 2013) (BOP cannot grant credit "against a federal sentence for time that has been credited against defendant's state sentence, even though the defendant was writted to the control of federal

---

[1] § 3585. Calculation of a term of imprisonment

    (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --

    (1)  as a result of the offense for which the sentence was imposed; or

    (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

7

authorities while awaiting federal trial").

Generally speaking, a federal sentence does not commence until the Attorney General of the United States receives the defendant into custody for service of his or her sentence. United States v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir. 1990). However, 8 U.S.C. § 3621(b) authorizes the Federal Bureau of Prisons (BOP) "to designate the place of confinement for purposes of serving federal sentences of imprisonment." Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991).

In Barden, the BOP refused to consider an inmate's request that his prior place of confinement, a state prison, be designated nunc pro tunc as the place of service of his federal sentence, thereby making the two sentences concurrent. Holding that the BOP had the statutory authority to make such a designation, the Third Circuit Court of Appeals granted habeas relief by directing that the BOP exercise the discretion the statute afforded.

As recognized in Barden, § 3621(b) grants the BOP authority to designate a state prison as the place of service of a federal inmate's sentence. "Barden does not authorize the BOP to award credit for time spent in state custody prior to the imposition of a federal sentence." Gonzalez v. Hawke, 2006 WL 2465307 * 6 (D.N.J. Aug. 21, 2006). Moreover, "concurrent sentences imposed

8

by state judges are nothing more than recommendations to federal officials." Sheika v. BOP, 2007 WL 576346 *4 (D.N.J. Feb. 20, 2007)(the BOP's failure to adhere to a state sentencing order was not an abuse of discretion.)

In United States v. Randolph, 80 Fed. Appx. 190, 195-96 (3d Cir. Oct. 20, 2003) the Court of Appeals stated that if the federal sentencing court does not address the issue of concurrence, federal and state terms of imprisonment imposed at different times must be served consecutively unless the prisoner can convince the BOP to award nunc pro tunc designation.

Under § 3621(b), the BOP has the authority to recommend that a state prison be designated as the place of service of a federal inmate's sentence in order to make it concurrent with a state sentence being served at the state facility.[2]

---

[2] In pertinent part, § 3621(b) provides:

(b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
 (1) the resources of the facility contemplated;
 (2) the nature and circumstances of the offense;
 (3) the history and characteristics of the prisoner;
 (4) any statement by the court that imposed the sentence--
  (A) concerning the purposes for which the sentence

9

In the present case the BOP determined that a Barden type nunc pro tunc designation was not appropriate since the District of Maryland had not ordered that the federal sentences run concurrently to the undischarged state sentences. See Doc. 5, p. 13-14.  S  "The designation of a state institution for service of a federal sentence must be consistent with the intent of the federal sentencing court, or consistent with the goals of the criminal justice system." Sheika v. BOP, 2007 WL 576346 *3 (D.N.J. Feb. 20, 2007).

Since the BOP denied the nunc pro tunc designation request in Petitioner's case based upon a negative recommendation received from the federal sentencing court, there is no basis for a determination that the BOP abused its discretion in denying Smith's request for nunc pro tunc designation. Accordingly, there is no grounds for federal habeas corpus relief.

In conclusion, federal prisoners are not entitled to prior custody time credit towards service of their federal sentence for periods of time spent in state custody unless the time was

---

> to imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to Section 994(a)(2) of Title 28.

10

not credited towards their state sentence. United States v. Grimes, 641 F.2d 96, 99 (3d Cir. 1981); see also Doyle v. Department of Justice, 1995 WL 412406 *7 (E.D. Pa. July 7, 1995).

Based upon a review of the record there is no evidence upon which to conclude that Petitioner's federal sentence was to run concurrently with his state sentences or that the BOP improperly failed to conclude that his Maryland state prison be given a nunc pro tunc designation as the place of service of his federal sentence. As discussed above, the BOP acted properly in not awarding Petitioner double credit for any period of pre-federal sentence confinement. Accordingly, the petition for writ of habeas corpus will be denied. An appropriate Order will enter.[3]

S/Richard P. Conaboy  
RICHARD P. CONABOY  
United States District Judge

DATED: MAY 1, 2018

---

[3] It is the obligation of this Court to ensure that Smith is given proper sentence credit for every day of his confinement. In the event Petitioner can present facts showing that he has not received credit for any time spent imprisoned, he may file a motion for reconsideration within fourteen (14) days of the date of this Memorandum.